**SEALED**

FILED
DEC 19 2012
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CRIMINAL NO. MO12CR0340 |
| | ) **I N D I C T M E N T** |
| Plaintiff, | ) |
| | ) [Vio: 18 U.S.C. § 371 Conspiracy; |
| V. | ) 18 U.S.C. 554 Smuggling Goods |
| | ) from the United States; |
| MIGUEL ANGEL COMPEAN | ) 18 U.S.C. 922(a)(6) False or Fictitious |
| MICHELLE COMPEAN | ) Statement; 18 U.S.C 924(a)(1)(A) |
| BRIAN CONNELL, | ) False Statement or Representation; |
| | ) 18 U.S.C § 2 Aid and Abet; |
| | ) 18 U.S.C. § 1028A Aggravated |
| | ) Identity Theft] |
| | ) |
| Defendants. | ) |

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
[18 U.S.C. 371]

That beginning in December 2011, and continuing until on or about December 10, 2012, in the Western District of Texas, the Northern District of Texas, and elsewhere, the Defendants,

**MIGUEL ANGEL COMPEAN
MICHELLE COMPEAN
BRIAN CONNELL,**

did combine, conspire, confederate and agree together with each other, and with others known and unknown to the grand jury, to knowingly violate Title 18, United States Code,

Section 554, Smuggling Goods from the United States, to wit: by fraudulently and knowingly exporting and sending from the United States, and attempting to export and send from the United States, any merchandise, article, or object, contrary to any law or regulation of the United States, namely: Title 18 United States Code, Section 924(a)(1)(A), and Title 18 United States Code Section 922(a)(6).

All in violation of Title 18 United States Code, Section 371.

## OBJECTIVE OF THE CONSPIRACY

The objective of the conspiracy was to surreptitiously purchase firearms from various dealers in order to smuggle the firearms from the United States into the Republic of Mexico.

## OVERT ACTS

In furtherance of the conspiracy and to effect the object of the conspiracy, the following overt acts, among others, were committed in the Western District of Texas, the Northern District of Texas, and elsewhere:

1. Beginning in December 2011 Miguel Angel Compean purchased, and recruited others to purchase, AK-47 style rifles and pistols to smuggle to the Republic of Mexico.

2. When Miguel Angel Compean himself purchased firearms, he provided his uncle's name, date of birth, and social security number on United States Department of Justice, Bureau of Alcohol, Tobacco and Firearms Form 4473, Firearms Transaction Record.

3. During the time frame of the conspiracy Miguel Angel Compean acquired firearms for a person known to him as "J" approximately two to three times every three to four months. Miguel Compean acquired approximately 20 to 30 firearms for "J" every three to four months.

4. After acquiring the firearms, Miguel Compean made trips to San Antonio, Texas, and transferred the firearms to various individuals that acted as couriers. The firearms were transported through Eagle Pass into Mexico.

5. Miguel Angel Compean recruited his wife, Michelle Compean, and Brian Connell to purchase firearms for Miguel Angel Compean. Miguel Angel Compean paid Brian Connell $300.00 U.S. currency for each firearm Connell bought for Miguel.

6. Brian Connell attempted to recruit individuals in Odessa, Texas to purchase firearms.

7. Brian Connell made three trips to San Antonio to transfer firearms to couriers on behalf of Miguel Angel Compean.

8. On or about March 31, 2012 Michelle Compean purchased a Romanian/Century International Arms, Model WASR6PAK, 7.62 x 39 Caliber rifle from a business in Fort Worth, Texas. Michelle Compean purchased this firearm for Miguel Compean.

9. On or about September 11, 2012 Michelle Compean purchased one (1) Romarm/CAI WASR-10/63, 7.62 x 39 caliber rifle from a business in

        Odessa, Texas. Michelle Compean purchased this firearm for Miguel Compean.

10. On or about September 11, 2012 Brian Connell purchased one (1) Zastava, Model PAP AK-47, 7.62 x 39 caliber semi automatic rifle from a business in Odessa, Texas. Connell purchased this firearm for Miguel Angel Compean.

11. On or about September 11, 2012 Miguel Angel Compean purchased one (1) Romarm/Cugir, Model WASR 10, 7.62 x 39 caliber rifle from a business in Odessa, Texas. Miguel Angel Compean utilized his uncle's identification when purchasing the firearm.

12. On or about September 11, 2012 Miguel Angel Compean purchased one (1) Century Arms, Model AKMS, 7.62 x 39 caliber rifle from a business in Odessa, Texas. Miguel Angel Compean utilized his uncle's identification when purchasing the firearm.

13. On September 30, 2012 Brian Connell purchased two (2) Romarm/Cugir, WASR-10, 7.62 x 39 caliber rifles from a business in Mesquite, Texas. Connell purchased these firearms for Miguel Angel Compean.

14. On or about November 16, 2012, Brian Connell, purchased one (1) Zastava, Model PAP AK-47, 7.62 x 39 caliber semi-automatic rifle, from a business in Odessa, Texas. Connell purchased this firearm for Miguel Angel Compean.

15. On or about November 20, 2012, Brian Connell purchased two (2) Zastava, Model PAP M92 PV, 7.62 x 39 caliber pistols from a business in Brenham, Texas. Connell purchased these firearms for Miguel Angel Compean.

16. On or about November 24, 2012, Brian Connell purchased two (2) Romarm/Cugir, WASR-10, 7.62 x39 caliber rifles from a business in Mesquite, Texas. Connell purchased these firearms for Miguel Angel Compean.

17. On or about November 27, 2012, Brian Connell purchased six (6) Zastava, Model PAP M92 PV, 7.62 x 39 caliber pistols from a business at a gun show in Dallas, Texas. Connell purchased these firearms for Miguel Angel Compean.

## COUNT TWO
### [18 U.S.C. § 924(a)(1)(A)]

On or about the 11th day of September, 2012, in the Western District of Texas, the Defendant,

**BRIAN CONNELL**

knowingly made a false statement and representation to R.O., a person licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Big Tex Pawn Shop, in that **BRIAN CONNELL** did execute a United States

Department of Justice, Bureau of Alcohol, Tobacco and Firearms Form 4473, Firearms Transaction Record, to the effect that he was the actual purchaser of a firearm, whereas in truth and in fact, he was not; and **BRIAN CONNELL** did execute a United States Department of Justice, Bureau of Alcohol, Tobacco and Firearms Form 4473, Firearms Transaction Record, to the effect that he resided at an address in El Paso, Texas, whereas in truth and in fact, he resided at an address in Odessa, Texas, in violation of Title 18, United States Code, Sections 924(a)(1)(A).

## COUNT THREE
[18 U.S.C. § 924(a)(1)(A)]

On or about the 16th day of November, 2012, in the Western District of Texas, the Defendant,

**BRIAN CONNELL**

knowingly made a false statement and representation to R.T., a person licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Big Tex Pawn Shop, in that **BRIAN CONNELL** did execute a United States Department of Justice, Bureau of Alcohol, Tobacco and Firearms Form 4473, Firearms Transaction Record, to the effect that he was the actual purchaser of a firearm, whereas in truth and in fact, he was not; and **BRIAN CONNELL** did execute a United States Department of Justice, Bureau of Alcohol, Tobacco and Firearms Form 4473, Firearms Transaction Record, to the effect that he resided at an address in El Paso, Texas, whereas

in truth and in fact, he resided at an address in Odessa, Texas, in violation of Title 18, United States Code, Sections 924(a)(1)(A).

## COUNT FOUR
## [18 U.S.C. § 922(a)(6)]

On or about the 11th day of September, 2012, in the Western District of Texas, the Defendant,

### MIGUEL ANGEL COMPEAN

in connection with the acquisition of a firearm, to wit: a Romarm/Cugir, Model WASR 10, 7.62 x 39 caliber semi-automatic rifle, bearing serial number 1968AP1847, from Big Tex Pawn Shop, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly furnished and exhibited a false, fictitious, and misrepresented identification to R.O., which identification was intended and likely to deceive R.O., as to a fact material to the lawfulness of such sale of the said firearm to the defendant under chapter 44 of Title 18, in that the defendant did execute a Department of Treasury, Bureau of Alcohol, Tobacco and Firearms Form 4473, Firearms Transaction Record, to the effect that his name was J.A.M and he provided J.A.M's date of birth and social security number, when in fact as the defendant knew, he was not J.A.M.; in violation of Title 18, United States Code, Section 922(a)(6).

## COUNT FIVE
## [18 U.S.C. § 1028A]

On or about September 11, 2012, in the Western District of Texas, the Defendant,

**MIGUEL ANGEL COMPEAN,**

did knowingly use without lawful authority, a means of identification of another person, to wit: J.A.M.'s name, date of birth, and social security number, during and in relation to a violation of Title 18, United States Code, Section 922 (a)(6), as set forth in Count 4 of this Indictment, which is hereby incorporated by reference.

In violation of Title 18, United States Code, Section 1028A.


## COUNT SIX
## [18 U.S.C. § 922(a)(6)]

On or about the 11th day of September, 2012, in the Western District of Texas, the Defendant,

**MIGUEL ANGEL COMPEAN**

in connection with the acquisition of a firearm, to wit: a Century Arms, model AKMS, 7.62 x 39 caliber semi-automatic rifle, bearing serial number KMS11229, from Permian Pawn Shop, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious oral or written statement to M.S., which statement was intended and likely to deceive M.S., as to a fact material to the lawfulness of such sale of the said firearm to the defendant under chapter 44 of Title 18,

in that the defendant did execute a Department of Treasury, Bureau of Alcohol, Tobacco and Firearms Form 4473, Firearms Transaction Record, to the effect that he was the actual buyer of the firearms indicated on the Form 4473, when in fact as the defendant knew, he was not the actual buyer of the firearms; in violation of Title 18, United States Code, Section 922(a)(6).

## COUNT SEVEN
### [18 U.S.C. § 1028A]

On or about September 11, 2012, in the Western District of Texas, the Defendant,

**MIGUEL ANGEL COMPEAN,**

did knowingly use without lawful authority, a means of identification of another person, to wit: J.A.M.'s name, date of birth, and social security number, during and in relation to a violation of Title 18, United States Code, Section 922 (a)(6), as set forth in Count 6 of this Indictment, which is hereby incorporated by reference.

In violation of Title 18, United States Code, Section 1028A.

## COUNT EIGHT
### [18 U.S.C. § 922(a)(6) & 18 U.S.C. §2]

On or about the 11th day of September, 2012, in the Western District of Texas, the Defendants,

**MICHELLE COMPEAN**
**AND**
**MIGUEL ANGEL COMPEAN**

aided and abetted by each other, in connection with the acquisition of a firearm, to wit: a

Romarm/CAI, Model WASR, 7.62 x 39 caliber semi-automatic rifle, bearing serial number 1985PU0083, from Permian Pawn Shop, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious oral or written statement to M.S., which statement was intended and likely to deceive M.S., as to a fact material to the lawfulness of such sale of the said firearm to the defendant under chapter 44 of Title 18, in that the defendant did execute a Department of Treasury, Bureau of Alcohol, Tobacco and Firearms Form 4473, Firearms Transaction Record, to the effect that she was the actual buyer of the firearms indicated on the Form 4473, when in fact as the defendant knew, she was not the actual buyer of the firearms; in violation of Title 18, United States Code, Sections 922(a)(6) and 2.

## COUNT NINE
## [18 U.S.C. § 922(a)(6)]

On or about the 11th day of September, 2012, in the Western District of Texas, the Defendant,

## MIGUEL ANGEL COMPEAN

in connection with the acquisition of a firearm, to wit: a Romarm/Cugir, Model WASR 10, 7.62 x 39 caliber semi-automatic rifle, bearing serial number 1968AP1847, from Big Tex Pawn Shop, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious oral or written statement to R.O., which statement was intended and likely to deceive R.O., as to a fact material to the lawfulness of such sale of the said firearm to the defendant under chapter 44 of Title 18, in that the defendant did execute a Department of Treasury, Bureau of Alcohol, Tobacco

and Firearms Form 4473, Firearms Transaction Record, to the effect that he was the actual buyer of the firearms indicated on the Form 4473, when in fact as the defendant knew, he was not the actual buyer of the firearms; in violation of Title 18, United States Code, Section 922(a)(6).

## COUNT TEN
**[18 U.S.C. § 922(a)(6)]**

On or about the 11th day of September, 2012, in the Western District of Texas, the Defendant,

**MIGUEL ANGEL COMPEAN**

in connection with the acquisition of a firearm, to wit: a Century Arms, Model AKMS, 7.62 x 39 caliber semi-automatic rifle, bearing serial number KMS11229, from Permian Pawn Shop, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious oral or written statement to M.S., which statement was intended and likely to deceive M.S., as to a fact material to the lawfulness of such sale of the said firearm to the defendant under chapter 44 of Title 18, in that the defendant did execute a Department of Treasury, Bureau of Alcohol, Tobacco and Firearms Form 4473, Firearms Transaction Record, to the effect that he was the actual buyer of the firearms indicated on the Form 4473, when in fact as the defendant knew, he was not the actual buyer of the firearms; in violation of Title 18, United States Code, Section 922(a)(6).

A TRUE BILL.

Original signed by the
foreperson of the Grand Jury
Foreperson of the grand jury


ROBERT PITMAN
UNITED STATES ATTORNEY

WILLIAM R. TATUM
Assistant United States Attorney

# SEALED

PERSONAL DATA SHEET
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

MO12CR0340

| | |
|---|---|
| SEALED: XX | UNSEALED: |

| COUNTY: Midland | DIVISION: MIDLAND/ODESSA | JUDGE: JUNELL |
|---|---|---|
| DATE: DECEMBER 19, 2012 | MAG CT #: N/A | FBI #: |
| CASE NO: MO-12-CR- | ASSISTANT U.S. ATTORNEY: WILLIAM R. TATUM | |
| DEFENDANT: 1. MIGUEL ANGEL COMPEAN | | DOB: XXXXXXXXXXXX |

ADDRESS: XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

CITIZENSHIP: USC    INTERPRETER NEEDED No  LANGUAGE:

DEFENSE ATTORNEY:
No attorney yet

EMPLOYED
APPOINTED

DEFENDANT IS:

| DATE OF ARREST: | BENCH WARRANT: XXX |
|---|---|

PROBATION OFFICER:

NAME AND ADDRESS OF SURETY:

YOUTH CORRECTIONS ACT APPLICABLE: No

PROSECUTION BY: Indictment

OFFENSE (Code and Description): **Ct. 1- 18 USC 371 Conspiracy; Ct. 4, 6, 8, 9, & 10- 18 USC 922 (a)(6) False or Fictitious Statement; 18 USC 2 Aid and Abet Ct; Ct. 5 & 7- 18 USC 1028A Aggravated Identity Theft.**

OFFENSE IS: FELONY

MAXIMUM SENTENCE:  Ct. 1 A term of imprisonment not to exceed 5 years; a term of supervised release not to exceed 3 years; a fine not to exceed $250,000; and a mandatory $100 special assessment. Ct. 4, 6, 8, 9, & 10 A term of imprisonment not to exceed 10 years; a term of supervised release not to exceed 3 years; a fine not to exceed $250,000; and a mandatory $100 special assessment.  Ct. 5 a 2 year mandatory term of imprisonment, (to run consecutive to Ct. 4). Ct. 7 a 2 year mandatory term of imprisonment, (to run consecutive to Ct. 6).

PENALTY IS MANDATORY:  As stated above.

REMARKS:  AGENT:
AGENT JOSH JOHNSON
BUREAU OF ALCOHOL TOBACCO & FIREARMS
EL PASO, TEXAS

# SEALED

PERSONAL DATA SHEET
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

MO12CR0340

| | | |
|---|---|---|
| SEALED: XX | | UNSEALED: |
| COUNTY: Midland | DIVISION: MIDLAND/ODESSA | JUDGE: JUNELL |
| DATE: DECEMBER 19, 2012 | MAG CT #: N/A | FBI #: |
| CASE NO: MO-12-CR- | ASSISTANT U.S. ATTORNEY: WILLIAM R. TATUM | |
| DEFENDANT: 2. MICHELLE COMPEAN | | DOB: XXXXXXXXXXX |
| ADDRESS: XXXXXXXXXXXXXXXXXXXXXXXXXXXXXX | | |
| CITIZENSHIP: USC     INTERPRETER NEEDED No  LANGUAGE: | | |
| DEFENSE ATTORNEY: No attorney yet | | EMPLOYED APPOINTED |
| DEFENDANT IS: NOT ARRESTED | | |
| DATE OF ARREST: NO ARREST DATE | | BENCH WARRANT: XXX |
| PROBATION OFFICER: | | |
| NAME AND ADDRESS OF SURETY: | | |
| YOUTH CORRECTIONS ACT APPLICABLE: No | | |
| PROSECUTION BY: Indictment | | |
| OFFENSE (Code and Description): **Ct. 1- 18 USC 371 Conspiracy; Ct. 8- 18 USC 922 (a)(6) False or Fictitious Statement.** | | |
| OFFENSE IS: FELONY | | |
| MAXIMUM SENTENCE: Ct. 1 A term of imprisonment not to exceed 5 years; a term of supervised release not to exceed 3 years; a fine not to exceed $250,000; and a mandatory $100 special assessment. Ct. 8 A term of imprisonment not to exceed 10 years; a term of supervised release not to exceed 3 years; a fine not to exceed $250,000; and a mandatory $100 special assessment. | | |
| PENALTY IS MANDATORY: As stated above. | | |
| REMARKS: AGENT: AGENT JOSH JOHNSON BUREAU OF ALCOHOL TOBACCO & FIREARMS EL PASO, TEXAS | | |

# SEALED

PERSONAL DATA SHEET
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

MO12CR0340

| | | |
|---|---|---|
| SEALED: XX | | UNSEALED: |
| COUNTY: Midland | DIVISION: MIDLAND/ODESSA | JUDGE: JUNELL |
| DATE: DECEMBER 19, 2012 | MAG CT #: N/A | FBI #: |
| CASE NO: MO-12-CR- | ASSISTANT U.S. ATTORNEY: WILLIAM R. TATUM | |
| DEFENDANT: 3. BRIAN CONNELL | | DOB: XXXXXXXXXXX |
| ADDRESS: XXXXXXXXXXXXXXXXXXXXXXXXXXXXXX | | |
| CITIZENSHIP: USC    INTERPRETER NEEDED No  LANGUAGE: | | |
| DEFENSE ATTORNEY:<br>No attorney yet | | EMPLOYED<br>APPOINTED |

| |
|---|
| DEFENDANT IS: NOT ARRESTED |

| | |
|---|---|
| DATE OF ARREST: NO ARREST DATE | BENCH WARRANT: XXX |
| PROBATION OFFICER: | |
| NAME AND ADDRESS OF SURETY: | |
| YOUTH CORRECTIONS ACT APPLICABLE: No | |
| PROSECUTION BY: Indictment | |
| OFFENSE (Code and Description): **Ct. 1- 18 USC 371 Conspiracy; Ct. 2 & 3- 18 USC 924(a)(1)(A) False Statement or Representation.** | |
| OFFENSE IS: FELONY | |
| MAXIMUM SENTENCE: Ct. 1 A term of imprisonment not to exceed 5 years; a term of supervised release not to exceed 3 years; a fine not to exceed $250,000; and a mandatory $100 special assessment. Ct. 2 & 3 A term of imprisonment not to exceed 5 years; a term of supervised release not to exceed 3 years; a fine not to exceed $250,000; and a mandatory $100 special assessment. | |
| PENALTY IS MANDATORY: As stated above. | |
| REMARKS: AGENT:<br>AGENT JOSH JOHNSON<br>BUREAU OF ALCOHOL TOBACCO & FIREARMS<br>EL PASO, TEXAS | |